**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DAVARIO D. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00139-MTS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of federal prisoner Davario D. Taylor's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  Doc. [1].  Because it appears the motion is untimely, the Court will order Taylor to show cause why this case should not be dismissed.  *See* Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

**I.    Background**

Taylor pleaded guilty in *United States v. Taylor*, No. 1:23-cr-00069-MTS-1 (E.D. Mo.) to distribution of methamphetamine in violation of 21 U.S.C. § 841(a).  On May 21, 2024, the Court sentenced him to a total of 140 months in prison followed by a total of 3 years of supervised release.  *Id.*  Taylor did not file a notice of appeal.

Taylor avers that he placed the present motion in his institution's mailing system on August 5, 2025, Doc. [1] at 12, and it was docketed in this Court on August 28, 2025.  The Court considers the motion filed on August 5, 2025.  *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (holding that the prison mailbox rule applies to pro se § 2255 motions).

## II.    Discussion

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must examine a section 2255 motion and summarily dismiss it if it plainly appears the movant is not entitled to relief.  A one-year limitations period applies to section 2255 motions and runs from the latest of four possible dates.  28 U.S.C. § 2255(f)(1)-(4).  Here, the applicable date appears to be the date on which the judgment of conviction became final.  *See* section 2255(f)(1).

Because Taylor did not appeal his May 21, 2024, judgment, it became final fourteen days later, on June 4, 2024.  *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (calculating finality based on expiration of deadline to file a notice of appeal); Fed. R. App. P. 4(b)(1)(A) (setting a 14-day time limit for filing a notice of appeal in a criminal case); Fed. R. App. P. 26(a)(2) (delineating the method for computing the 14-day period and excluding the day of the event that triggers the period).  Thus, the deadline to file a section 2255 motion was June 4, 2025.  The present motion—filed August 5, 2025—appears untimely by approximately two months.

With his motion, Taylor filed an unsigned and undated document titled "Motion for Tolling Consideration/Access-To-The-Courts Claim."  Doc. [2].  The document identifies various conditions of confinement at Taylor's institution, and concludes:

> So, they continue to move and perform the unconstitutional punishments with no fear of the federal law, or courts, which brings us to this very Motion to Consider Tolling and accept this denial of access-to-the-courts claim.  As it would be a grave miscarriage of justice and law to allow this denial of access-to-the-courts to count against the Petitioner.

*Id.* at 3.  The document does not include Taylor's name or reference him, and it contains no information about how any of the identified conditions affected his ability to file a timely section 2255 motion.  As a result, the document provides no basis to conclude that the present motion

can be considered timely.  Finally, Taylor does not argue, and the record does not indicate, that any subsection of 2255(f) applies.

### III.    Conclusion

Because it appears that Taylor's section 2255 motion is untimely, the Court will order him to show cause why this case should not be dismissed.  *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (requiring notice and opportunity to respond before sua sponte dismissal as time barred).

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Monday**, **May 11, 2026**, Petitioner Davario D. Taylor shall **SHOW CAUSE** in writing why the Court should not dismiss this case as time barred.  If Taylor does not respond to this Order, or adequately show cause in writing why this case should not be dismissed as untimely, the Court will dismiss this case with prejudice and without further notice.

Dated this 26th day of March 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

3